MAMIE SCHULTZ, Appellee, v. ALFRED SCHULTZ, Appellant.

**SEDUCTION:** Chaste Character—Unchastity Per Se. Lewd and lascivious conduct on the part of a female at the very time of her alleged seduction may *per se* establish her unchastity.

Headnote 1: 35 Cyc. p. 1319.

Headnote 1: 14 L. R. A. (N. S.) 727; 24 R. C. L. 754; 10 R. C. L. 949.

*Appeal from Crawford District Court.*—E. G. ALBERT, Judge.

SEPTEMBER 21, 1926.

REHEARING DENIED APRIL 7, 1927.

Action at law for damages for alleged seduction, alleged to have been accomplished in September, 1919. The answer was a general denial. The defendant, as a witness, also denied all illicit relations with the plaintiff. There was a verdict for the plaintiff for $10,000, and judgment was entered thereon. The defendant appeals.—*Reversed.*

*Conner & Powers,* for appellant.

*P. W. Harding,* for appellee.

EVANS, J.—The parties hereto bear the same family name, but they are in no degree related. The plaintiff charges the defendant with having sustained illicit relations with her on September 3, 1919, and with having induced her submission thereto by promise of marriage. The plaintiff was at that time an unmarried woman, 19 years of age. The defendant was a boy 17 years of age. The parties had never met prior to the date in

question. Their acquaintance had been made only a few hours before the time of the alleged seduction. The occasion of their meeting was a public dance held in the town of Schleswig, as a part of the festivities attending a home-coming celebration during September 3d and September 4th. The plaintiff lived with her parents on a farm a few miles from Schleswig. The defendant likewise lived with his parents on a farm a few miles from the same town. The two farm homes were five or six miles distant from each other. The defendant came to town that day with an older brother, Otto. That evening, both boys attended the dance. This was the first dance which the defendant had ever attended. Sometime prior to this date, Otto had become acquainted with Nellie Schultz, an older sister of the plaintiff's. He met her at this dance. She introduced the defendant to the plaintiff. This was at 7 o'clock in the evening. Some hours were spent at the dance, in participation thereof. At about 12 o'clock, Otto asked the privilege of taking Nellie home. She suggested that the defendant accompany Mamie (the plaintiff), and such was the arrangement made. Otto and Alfred (defendant) had two young friends, who were to go home with them for the night (Kuhlman and Buck). So this party of six entered the automobile of Otto, and all went together to the home of the plaintiff, arriving there at about 12 o'clock, or very shortly thereafter. Otto and Nellie occupied the front seat; plaintiff and defendant occupied the back seat; and Kuhlman and Buck occupied the "jump seats" betwixt the two couples. Arriving at the home of the plaintiff, the two couples alighted from the automobile; Otto and Nellie went to the house; and plaintiff and defendant occupied a hammock hanging in the yard. The two young friends remained in the automobile, 30 feet distant from the hammock, awaiting the return of the other men. The alleged seduction occurred, as claimed, in the hammock, at about 1 o'clock. It further appears that the same couples met on the following evening at the same place at the dance, and came together in the same automobile to the home of the plaintiff, and that the illicit relations between plaintiff and defendant were repeated that night. The plaintiff's case rests upon her own testimony. Such testimony is very self-contradictory, and much of it approaches the incredible. Plaintiff's petition alleged previous chaste character. The jury rendered a special affirmative

finding on that question. The verdict rendered is necessarily predicated thereon. Our examination of the record brings us to the conclusion that this special finding was contrary to the evidence and contrary to the instructions of the court. Because of the very salacious character of the evidence, we think that it ought not to be spread upon the printed pages of our reports. We therefore omit quotations, and content ourselves with the statement of our conclusions thereon.

Taking the plaintiff's description of events on both nights,—that of one being a duplication of the other,—we have to consider its effect upon the question of her chastity of mind. The law is zealous in its protection of the chastity of womanhood. Juries also are valiant in its defense, with a valor which sometimes fails gravely in discrimination. It is not the purpose of the law to cover unchastity with the cloak of chastity, nor to render the distinction between them imperceptible or slight. To call unchastity chaste is a grave reflection upon womanhood. To do so by the verdict of a jury is a grave miscarriage of justice. The essential of unchastity is not necessarily in the overt act. It is enough to show that the mind is unchaste and that the purpose is impure and lustful.

The plaintiff's statement of the events of the evening of September 3d presents a plain case of lewdness and lasciviousness. The conduct of *defendant,* as thus described by her, is freely characterized by her counsel as being lustful and unchaste. We see it none the less so as to the plaintiff. She repelled none of his advances. She was not shocked by them. She reciprocated them. The fact that, in the later stages of the lewdness, he said she "should be his wife" amounts to little, in the light of the whole statement. It surely could not work a redemption of the lewdness already practiced by both of them. As compared with the defendant, the plaintiff was a comparatively mature woman. She had previously kept company with young men, several in number. She had the advantage of experience, as compared with the defendant. The period of their acquaintance was only a matter of hours. If, therefore, he was guilty of the offense with which she charges him, and which worked the ruin of both of them, she actively involved him in it. We must hold, therefore, that her own testimony discloses undeniably unchaste conduct on the part of the plaintiff, and that

the contrary finding of the jury was against the evidence and against the instructions of the court.

There was other direct and positive evidence of specific acts of illicit relations between the plaintiff and another man, prior to the event under consideration. This evidence stands undenied in the record. The plaintiff was not called to the witness stand in rebuttal thereof. Consideration of the same evidence requires us to say also that the element of seduction, as distinguished from lewdness and lust, is affirmatively negatived by it.

The judgment is, accordingly,—*Reversed.*

DE GRAFF, C. J., and FAVILLE and MORLING, JJ., concur.